# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

NIGEL LUCOMBE, individually and on behalf of all other similarly situated,

        Plaintiff,

v.                                                               Case No. 8:24-cv-02595-JLB-AAS

GET LIQUID FUNDING LLC,

        Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Get Liquid Funding LLC hereby submits its Answer and Affirmative Defenses to Plaintiff Nigel Lucombe's Class Action Complaint.

With respect to the unnumbered Paragraph on page 1 of the Complaint, Defendant admits only that Plaintiff has filed a Complaint on behalf of himself and the putative class. Defendant denies the remaining allegations in this unnumbered Paragraph, denies any wrongdoing, denies that a class can be certified and that this case is appropriate for class treatment, and denies that Plaintiff is entitled to any relief or has any cause of action against Defendant whatsoever.

# NATURE OF ACTION[1]

1. Defendant admits that in Paragraph 1 of the Complaint, Plaintiff purports to bring a putative class action pursuant to the TCPA, but denies that Plaintiff brings a cognizable action, whether individually or on behalf of a class.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff purports to seek injunctive relief, statutory damages, and any other legal or equitable remedies but denies that Plaintiff is entitled to any of the same, whether individually or on behalf of a class. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

# PARTIES

4. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

5. Defendant admits only that it is a Florida limited liability company located in Lake Worth, Florida.

6. Defendant admits that Plaintiff purports to expand the definition of "Defendant's name" to include numerous associated persons or entities but denies that this attempt to expand the meaning of that term is appropriate, effective, or consistent with the requirements for vicarious liability. Except as expressly admitted, Defendant denies the allegations in Paragraph 6 of the Complaint.

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

## JURISDICTION AND VENUE

7. The jurisdictional allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the Court generally has jurisdiction over TCPA actions under 28 U.S.C. § 1331. Defendant reserves the right to challenge subject matter jurisdiction. Defendant denies any remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits that it does business within and is headquartered within the Middle District of Florida. Defendant denies the remaining allegations in Paragraph 8 of the Complaint and expressly denies any wrongdoing.

## FACTS

9. Defendant denies the allegations in Paragraph 9.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore denies the same.

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 and therefore denies the same.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 and therefore denies the same.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 and therefore denies the same.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

18. Defendant denies the allegations in Paragraph 18 of the Complaint, and specifically denies that Plaintiff and the putative class are entitled to any relief or have any cause of action against Defendant whatsoever.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Defendant admits only that Plaintiff has asserted this case as a putative class action and has tried to define the putative class in Paragraph 19. Defendant denies that any such class of persons exists or that Plaintiff is a member of any class of similarly situated persons, as described or otherwise, with respect to the events alleged in the Complaint. Defendant denies that the Court could ever certify any class, denies any allegation or inference that Defendant violated the TCPA, and denies that Plaintiff and the putative class members have stated a cognizable claim or are entitled to any relief whatsoever in this action. Except as expressly admitted here, Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff purports to reserve the right to modify the Class definitions, as alleged in Paragraph 20 of the Complaint. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 20 of the Complaint and denies that this case is maintainable as a class action.

21. Defendant admits only that Plaintiff has asserted this case as a putative class action and has tried to further define the putative class in Paragraph 21. Defendant denies that any such class of persons exists or that Plaintiff is a member of any class of similarly situated persons, as described or otherwise, with respect to the events alleged in the Complaint. Defendant denies that the Court could ever certify any class, denies any allegation or inference that Defendant violated the TCPA, and denies that Plaintiff and the putative class members have stated a cognizable claim or are entitled to any relief whatsoever in this action. Except as expressly admitted here, Defendant denies the remaining allegations in Paragraph 21 of the Complaint and denies that this case is maintainable as a class action.

**NUMEROSITY**

22. Defendant denies the allegations in Paragraph 22 of the Complaint and denies that the putative class can be certified.

23. Defendant denies the allegations in Paragraph 23 of the Complaint and denies that the putative class can be certified.

### COMMON QUESTIONS OF LAW AND FACT

24. Defendant denies the allegations in Paragraph 24 of the Complaint (including the allegations in all subparagraphs) and denies that the putative class can be certified.

25. Defendant denies the allegations in Paragraph 25 of the Complaint and denies that the putative class can be certified.

### TYPICALITY

26. Defendant denies the allegations in Paragraph 26 of the Complaint and denies that the putative class can be certified.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27. Defendant denies the allegations in Paragraph 27 of the Complaint and denies that the putative class can be certified.

### SUPERIORITY

28. Defendant denies the allegations in Paragraph 28 of the Complaint and denies that the putative class can be certified.

29. Defendant denies the allegations in Paragraph 29 of the Complaint and denies that the putative class can be certified.

### COUNT I
### VIOLATIONS OF U.S.C. 47 U.S.C. § 227(c) AND 64.1200(c)
**(On Behalf of Plaintiff and the TCPA Class)**

30. Defendant repeats and re-alleges its responses to Paragraphs 1 through 29 as if fully stated herein.

31. The allegations in Paragraph 31 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite to 47 C.F.R. § 64.1200(c), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. The allegations in Paragraph 32 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite 47 C.F.R. §§ 64.1200(e) and 64.1200(c), which speak for themselves. Except as expressly admitted, Defendant denies the allegations in Paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite to 47 U.S.C. § 227(c), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint, and expressly denies any wrongdoing.

## PRAYER FOR RELIEF

Defendant admits that Plaintiff seeks the relief requested in the unnumbered Paragraph following Paragraph 36 but denies that Plaintiff and/or the putative class

members are entitled to any relief whatsoever against Defendant in this action, including, without limitation, the relief sought in subparts a. through f.

## JURY DEMAND

Defendant admits only that Plaintiff seeks a trial by jury but denies that any of the allegations set forth in the Complaint allege triable issues against Defendant. To the extent a jury trial is permitted, Defendant requests a trial by the maximum number of jurors allowed by law.

## DOCUMENT PRESERVATION DEMAND

The allegations in Plaintiff's unnumbered "Document Preservation Demand" Paragraph are not well-pleaded allegations of fact but a demand for document preservation. To the extent this demand is part of the Complaint, and to the extent it requires a response, Defendant denies any suggestion that it is not preserving relevant documents in its possession or control or otherwise failing to abide by its preservation obligations. Defendant denies any remaining allegations in this unnumbered "Document Preservation Demand" Paragraph.

## GENERAL DENIAL

Defendant denies all allegations set forth in the Complaint that are not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears

8

the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to show that any calls or texts allegedly received were those for which the called party is charged as required by the TCPA or that the calls or texts at issue are subject to the TCPA's do-not-call rules and regulations.

## SECOND AFFIRMATIVE DEFENSE
### (Residential Number)

Plaintiff's claims are barred to the extent his number or putative class members' numbers are not residential. For example, a phone number used for business purposes cannot sustain a DNC claim under the TCPA.

## THIRD AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls or texts at issue were sent with the recipients' prior express written permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud,

conspiracy, and/or unclean hands. For example, Plaintiff cannot assert a claim under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving texts like the ones referenced in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendant did not proximately cause any damages, injuries, or violations alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties or Plaintiff proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

## NINTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the putative class members lack standing to bring the claim alleged in the Complaint against Defendant because any harm allegedly caused by the calls or texts at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, and because Plaintiff may not have suffered any Article III harm pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), particularly with respect to the putative class he seeks to represent.

## TENTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable.  Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  For example, to the extent vendors caused any damages, injuries, violations of the law, or engaged in the conduct of which the Complaint complains, such vendors acted outside the scope or in violation of the parties' agreements, Defendant did not approve of such conduct, and Defendant did not receive any benefits from such conduct, and did not ratify such conduct.  As such, Defendant cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny. *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2346 (2020) ("Content-based laws are subject to strict scrutiny.").

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis. Thus, as applied in this case, any award of damages should be reduced to comport with due process.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No "Call")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Charge)

Plaintiff was not "charged for the call" or text with respect to the calls or texts at issue in this lawsuit, as that term is used in the TCPA.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff (or the putative class members) because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Practices)

The claim brought in the Complaint is barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations.

### NINETEENTH AFFIRMATIVE DEFENSE
### (One Call/Text)

The Do-Not-Call claim brought in the Complaint is barred in whole or in part to the extent Plaintiff or the putative class members did not receive more than one telephone solicitation within any 12-month period by or on behalf of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

The claim brought in the Complaint is barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Good Faith)

The claim brought in the Complaint is barred because Defendant possessed a good faith belief that it had consent to text the number at issue.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Immediate Threat of Future Injury)

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claim as the alleged violations are not likely to recur.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that in the event that this Court certifies any class, which Defendant denies would ever be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE AFFIRMATIVE DEFENSE
### (Established Business Relationship)

The TCPA claim brought in the Complaint is barred by an established business relationship with the caller.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

Respectfully submitted this 10th day of January 2025.

                                          /s/ *Matthew A. Keilson*
                                        Ryan D. Watstein*
                                        Fla. Bar. No. 93945
                                        Matthew A. Keilson
                                        Fla. Bar. No. 1002294
                                        WATSTEIN TEREPKA LLP
                                        1055 Howell Mill Road, 8th Floor
                                        Atlanta, Georgia 30318
                                        T: 678-372-0408
                                        E: ryan@wtlaw.com
                                             mkeilson@wtlaw.com
                                        *Lead Counsel

                                        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2025, I caused to be filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

                                                    */s/ Matthew A. Keilson*
                                                    Matthew A. Keilson